A91A0105. RANSAW v. THE STATE.
(405 SE2d 330)

Banke, Presiding Judge.

The appellant was convicted of voluntary manslaughter and financial transaction fraud. He brings this appeal from the denial of his motion for new trial.

The appellant's roommate was found by the police lying on the living room floor of their apartment, killed by a gunshot wound to the head. Two shell casings were lying near the body; and the weapon, an automatic pistol, was found wrapped in a bedspread in the appellant's bedroom. The pistol was unloaded at the time, and the bullet clip was missing. The appellant did not testify at trial. However, during a tape-recorded interview with police investigators following his arrest, he told the officers that the gun had discharged as he was wrestling with the victim in an attempt to prevent him from committing suicide and that he had left the victim lying on the living room floor while he went to another apartment to summon help. The appellant was unable, however, to explain how the pistol had gotten into his bedroom, how it came to be unloaded, or what had become of the bullet clip. When asked whether his fingerprints were on the clip, he responded,

"I don't know how or where the clip is . . . maybe it fell out, I don't know." The recording of this interview was played to the jury during the trial. *Held*:

1. The appellant contends that the trial court erred in refusing to declare a mistrial based on the following comments made by the state's attorney during closing argument: "[W]here is the clip . . . are your fingerprints on the clip, Mr. Ransaw? I don't know. I don't know where my fingerprints are." Appellant's counsel contends that these comments constituted an impermissible comment on his exercise of his right not to testify.

" 'In *Ranger v. State*, 249 Ga. 315 (290 SE2d 63) (1982), [the Supreme Court] applied the two-prong test set forth in *United States v. Rochan*, 563 F2d 1246 (5th Cir. 1977). Under the test, reversal for improper prosecutorial conduct requires a finding that (1) "the prosecutor's manifest intention was to comment upon the accused's failure to testify" or (2) the comment was "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Ranger*, supra at 319.' [Cits.]" *Turner v. State*, 258 Ga. 97 (4) (365 SE2d 822) (1988). We find no violation of either prong of the *Rochan*, 563 F2d 1246 (5th Cir. 1977), test. The prosecutor was clearly commenting on the implausibility of the appellant's version of the events; and under the circumstances, we do not believe the jury would necessarily have taken the argument as a comment on his failure to testify at trial. Accordingly, we find this enumeration of error to be without merit.

2. The appellant contends that the trial court erred in admitting into evidence a "post-autopsy" photograph of the decedent depicting the fatal gunshot wound to his head. This photograph did not depict any alteration of the body which may have occurred during the autopsy and was relevant to show the bullet wound which caused the decedent's death. While a photograph showing the state of the victim's body as altered by an autopsy will not generally be admissible, "[a] photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant." *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983). Under the circumstances, the trial court did not err in admitting the photograph.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 4, 1991.

*Mark V. Cloud*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Doris L.*

*Downs, Assistant District Attorneys*, for appellee.